OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to that court for a review of the facts. The Appellate Division erred in concluding that the evidence was insufficient as a matter of law to support the conviction for criminal possession and criminal sale of a controlled substance.
The evidence at trial showed that Peter Liaskas, by prearrangement, met an undercover officer at a hotel in Tarry town to effect the sale of a quantity of cocaine. Liaskas advised the officer that the drugs were on the way. *956 After making a brief telephone call, Liaskas exited the hotel empty-handed and met defendant and Peter Waring. After speaking briefly, the trio drove in defendant’s car for approximately 10 minutes and then returned to the hotel. Liaskas exited the car alone carrying a black pocketbook. After parking the car, defendant and Waring entered the hotel lobby. Liaskas, meanwhile, proceeded directly to the hotel room where he produced cocaine from the pocketbook, made the transfer for cash, and was arrested. Unaware of the arrest, Waring phoned the room with instructions for Liaskas to finish and leave quickly. Shortly thereafter, defendant and Waring, sitting together in the lobby, were arrested. A loaded gun was found on each.
Under all of the circumstances, the trier of fact reasonably could infer defendant’s knowledge of and participation in the drug transaction. The People showed that Liaskas came into possession of the drugs during the ride in defendant’s car, that defendant was armed, and that defendant was with Waring from the time the pair first arrived at the hotel until their arrest. That competing inferences could be drawn from the evidence does not defeat the People’s prima facie case (see People v Barnes, 50 NY2d 375, 381; People v Gerard, 50 NY2d 392, 397).
Defendant also assigns error to the prosecutor’s appeal in summation to juror sentiment against crime brought to the local community by outsiders. Such an appeal to bias has no place in a criminal trial, and normally should be promptly corrected by curative instructions. However, defendant failed to make a timely protest to the comments and thus failed to preserve the issue for review.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur; Judge Jones taking no part.
Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.