■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Ray Anthony O'Connor, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Meyerson, J.), both rendered June 5, 1987, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree under indictment No. 1998/86, upon a jury verdict, and grand larceny in the third degree, under indictment No. 6065/86, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's argument, the trial court did not err in precluding two prospective defense witnesses from testifying. Evidence, while technically relevant, may be excluded if it is too slight, remote, or conjectural to have any legitimate influence in determining the fact in issue (see, Richardson, Evidence § 147 [Prince 10th ed]; see also, People v Davis, 43 NY2d 17, 27, cert denied 435 US 998). Here, the prospective testimony of the defendant's mother that the defendant had sufficient support and remained home for three weeks after the crime would be far too speculative to raise any doubt that he had committed the crime. Similarly, the prospective testimony by the defendant's friend that he lived on the sixth floor of the building where the crime was perpetrated would not establish that the defendant was in the building merely to visit him and not for some other purpose. Thus, the proffered testimony was collateral since it would not have been probative of whether or not the defendant assaulted the victim (see, People v Rosario, 139 AD2d 680; see also, People v Aulet, 111 AD2d 822, 825-826). Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.