■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WALKER, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal by defendant from his conviction of criminal possession of stolen property in the third degree, the sole issue is whether the evidence was sufficient to establish that defendant knew that the property was stolen. The evidence was sufficient to establish knowing possession. "Knowledge that property is stolen may be shown circumstantially, such as by evidence of recent exclusive possession, defendant's conduct or contradictory statements from which guilt may be inferred" *(People v Zorcik,* 67 NY2d 670, 671).

When the victims asked defendant about the burglary and the whereabouts of the property, defendant said that he did not know anything about the crime and that he did not have the property. When the victims told defendant that, unless they recovered their property, they would go to the police, defendant told them to come back later and he would give them what he had. The victims returned an hour later, at which time defendant turned over some of the property. Defendant's recent and exclusive possession of the property, one day after the theft, gives rise to the inference that he knew it was stolen. That inference is sufficiently buttressed by defendant's contradictory statements. Defendant's false denials indicate a guilty mind and thus support the inference that he knew the property was stolen. (Appeal from judgment of Erie County Court, D'Amico, J.—criminal possession of stolen property, third degree.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND L. LA BARRON, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Steuben County Court, Purple, Jr., J.—violation of probation.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.