█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN GLOGOWSKI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, who was 22 years old and had a history of psychiatric problems, was convicted by a jury of murder in the second degree for shooting his mother with a sawed-off shotgun at their residence. Defendant was apprehended later that evening as he was wandering around barefoot in the Rochester airport. After he was taken into custody, he was advised of his *Miranda* rights and gave police a three-page written statement in which he admitted killing his mother. Prior to arraignment, an Assistant District Attorney asked defendant if he would consent to making a videotape statement. We have reviewed that videotape, which was played for the jury, and conclude that there is no merit to defendant's contention that his confession thereon was involuntarily obtained in violation of his due process rights. There is likewise no merit to defendant's contentions that the prosecutor violated his ethical and legal duty to elicit and present the truth. Furthermore, there was no "unnecessary delay" in filing the accusatory instrument or in arraigning defendant (CPL 140.20 [1]) and, thus, defendant's videotaped confession was not obtained in violation of his right to counsel *(see, People v Jones,* 152 AD2d 984, 985, *lv denied* 74 NY2d 812).

Defendant raised an insanity defense and presented expert testimony from two psychiatrists who opined that defendant was not criminally responsible for his actions. The People, in rebuttal, offered testimony from their own psychiatric expert who disagreed with that conclusion. Defendant contends that the trial court's refusal to permit cross-examination of the People's psychiatrist about the contents of an article that he had written in 1968 violated his constitutional right to confront witnesses against him. We disagree. Defense counsel argued that his proposed cross-examination was designed "to show that Dr. Barton's research skills are in question". The prosecutor objected to such cross-examination on the grounds that it was irrelevant and prejudicial. The trial court sustained the prosecutor's objections finding that it was "too

remote". The scope of cross-examination is within the sound discretion of the trial court *(Delaware v Van Arsdall,* 475 US 673, 678; *People v Hults,* 76 NY2d 190, 199; *People v Duffy,* 36 NY2d 258, 262-263, *cert denied* 423 US 861; *People v Sorge,* 301 NY 198, 202; *People v Paz,* 159 AD2d 987, 988). Here, we conclude that the prosecutor's objections to such cross-examination on the grounds of relevance and prejudice were proper and that the trial court did not violate defendant's constitutional right to confront witnesses against him by this limited curtailment of cross-examination of the People's expert witness.

Finally, upon our review of the record, we conclude that the jury's verdict rejecting defendant's insanity defense was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495) and that defendant's sentence of 20 years to life is not unduly harsh and excessive. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lowery, JJ. *[See,* 135 Misc 2d 950.]