■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BOOTH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered November 8, 1989, convicting him of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence under Indictment Number 4462/89, and from an amended judgment of the same court, also rendered November 8, 1989, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree under Indictment Number 5744/88.

Ordered that the judgment and the amended judgment are affirmed.

The defendant has failed to preserve for appellate review his claims that certain remarks made by the prosecutor during summation were unduly prejudicial (see, CPL 470.50 [2]; People v Nuccie, 57 NY2d 818; People v Dordal, 55 NY2d 954). In any event, all but one of those comments were proper responses to arguments raised by the defense in summation and were well within the bounds of permissible advocacy (see, People v Galloway, 54 NY2d 396; People v Ashwal, 39 NY2d 105).

However, the prosecutor misportrayed a portion of his cross-examination of a defense witness who admitted that she had previously been arrested for the sale of drugs. The record does not support the prosecutor's assertion that the witness also stated that "she doesn't like cop[s] * * * because they arrested her for selling drugs before". Nevertheless, in light of the

overwhelming evidence of the defendant's guilt, we conclude that this isolated remark did not deprive the defendant of a fair trial *(see, People v Wood,* 66 NY2d 374). Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.