■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JULIO MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered April 16, 1990, convicting him of rape in the first degree, rape in the second degree, sexual abuse in the first degree, sexual abuse in the second degree, burglary in the first degree, criminal possession of a weapon in the fourth degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 1, 1988, the defendant raped a 13-year-old girl, with whose family he had been acquainted, while she was alone in her family's apartment in Brooklyn. After the rape, the victim threw away her clothes, which had been torn as a result of the attack, and did not tell her mother of the rape. Approximately two and one-half months later, on September 17, 1988, at approximately 4:30 A.M., the defendant broke into the victim's apartment, held a knife to her throat and told her he was going to take her away with him and that she was "his woman". When the victim's mother came into the room, the defendant pushed her against a wall, told her that he had previously had sexual intercourse with the victim and repeated that he was going to take the victim away. He then fled. Soon thereafter, the victim told her mother of the July 1, 1988, rape, and a formal complaint was filed with the police against the defendant. On cross-examination of the victim's mother at trial, defense counsel tried to establish that she had suspected that a sexual relationship had existed between the victim and the defendant. He argued that any such suspicions would have been unconsciously communicated to the victim, thereby giving her a motive to fabricate allegations of rape against the defendant.

The trial court's decision to exclude the testimony because it was speculative was not an improvident exercise of discretion. Although a criminal defendant is guaranteed the right to confront all adverse witnesses through cross-examination *(Delaware v Van Arsdall,* 475 US 673; *Davis v Alaska,* 415 US 308), that right is not unlimited *(People v Stanard,* 42 NY2d 74, 83, *cert denied* 434 US 986), and the trial court has broad discretion to limit the manner and extent of cross-examination *(People v Almeida,* 159 AD2d 508, 509). Evidence, while technically relevant, may be excluded if it is too slight, remote or conjectural to have any legitimate influence in determining the fact in issue *(see,* Richardson, Evidence § 147 [Prince 10th ed]; *see also, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998). In the present case, the prospective testimony that the victim's mother might have suspected that a sexual rela-

tionship existed between the victim and the defendant and unconsciously communicated this to the victim was too speculative to raise a question concerning the defendant's guilt *(see, People v O'Connor,* 154 AD2d 626, 627; *cf., People v Hudy,* 73 NY2d 40).* Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.