■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN VERAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered April 11, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from his sale on January 25, 1989, of two glassine envelopes containing heroin to an undercover police officer. On appeal, he contends that the People failed to prove his guilt beyond a reasonable doubt because of the suspect credibility of the arresting officers. Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The inconsistencies cited by the defendant are insufficient to render the

officers' testimony incredible as a matter of law *(see, People v Di Girolamo,* 108 AD2d 755). Furthermore, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also discern no error in the trial court limiting the cross-examination of one of the police officers, and in precluding certain proffered testimony of another police officer as a potential defense witness. Insofar as the matters which defense counsel sought to explore were collateral and at best of a speculative nature, the court's exercise of discretion in this regard was proper *(see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998; *People v Martinez,* 177 AD2d 600; *People v O'Connor,* 154 AD2d 626).

We also reject the defendant's contention that he was deprived of the effective assistance of counsel because the trial court rejected defense counsel's request for an overnight adjournment to prepare his summation, and instead required defense counsel to commence his summation following a brief adjournment after the defense had rested. The defendant has failed to demonstrate surprise or other prejudice as a result of this circumstance warranting reversal *(cf., People v Murphy,* 88 AD2d 1000; *see also, People v Spears,* 64 NY2d 698).

Finally, the defendant has failed to preserve for appellate review his contention that he was deprived of a fair trial as the result of improper statements by the prosecutor during summation *(see, People v Dordal,* 55 NY2d 954; *People v Booth,* 177 AD2d 495). In any event, the remarks cited by the defendant were fair responses to the comments of the defense counsel made during his summation *(see, People v Ashwal,* 39 NY2d 105; *People v Sykes,* 151 AD2d 523). Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.