■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CADBURY BEVERAGES, INC., et al., Defendants, and PETER CONSITT, Respondent. [614 NYS2d 82] —Order unanimously modified on the law and as modified affirmed and matter remitted to Wayne County Court for further proceedings on the indictment. Memorandum: County Court erred when it granted the motions of defendants Robertson, Edwards, Consitt, Ulreich and Munzert to dismiss the indictment on the basis that there was insufficient evidence before the Grand Jury. The indictment against defendant Jeffrey Glahn was properly dismissed. The charges brought against the defendants related to the removal and dumping of certain roofing materials from one of the buildings at the corporate defendant's plant in Williamson, New York. The roofing materials, which are alleged to have contained asbestos, were removed and dumped without proper asbestos abatement procedures.

On a motion to dismiss the indictment, the inquiry of the reviewing court is limited to the legal sufficiency of the evidence *(People v Jennings,* 69 NY2d 103). The sufficiency of the People's presentation is properly determined by inquiring whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury *(People v Jennings, supra; People v Pelchat,* 62 NY2d 97).

Because the indictment was upheld against the corporate defendant and two other individuals, it is apparent that the court's finding of insufficiency was not related to a failure of

the People to offer sufficient proof that crimes were committed. These defendants contend that there was insufficient evidence of the required culpable mental states of knowledge and recklessness presented before the Grand Jury because the prosecutor failed to show that they knew that the roof of building 4 had been tested in 1989 and had been found to contain asbestos. The People may prove knowledge "circumstantially by conduct or directly by admission, or indirectly by contradictory statements from which guilt may be inferred" *(People v Reisman,* 29 NY2d 278, 285, *cert denied* 405 US 1041; *see also, People v Walker,* 166 AD2d 911, *lv denied* 77 NY2d 845). "Knowledge * * * may be implied based on all of the surrounding circumstances *(see, e.g., People v Dordal,* 55 NY2d 954, 956, *rearg dismissed* 61 NY2d 759)" *(People v Turner,* 141 AD2d 878, *lv denied* 72 NY2d 962).

Viewing the evidence, as we must, in the light most favorable to the People *(People v Jennings, supra; People v Pelchat, supra),* we conclude that the evidence presented to the Grand Jury is legally sufficient to establish that Robertson, Edwards, Consitt, Ulreich and Munzert acted with the requisite culpable mental state to commit the crimes charged in counts one through five of the indictment. There is also sufficient evidence linking them with commission of the crimes charged. We modify the order, therefore, by reinstating counts one through five of the indictment as against those defendants and we remit the matter to County Court for further proceedings on the indictment. (Appeal from Order of Wayne County Court, Parenti, J.—Dismiss Indictment.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.