the People to offer sufficient proof that crimes were committed. These defendants contend that there was insufficient evidence of the required culpable mental states of knowledge and recklessness presented before the Grand Jury because the prosecutor failed to show that they knew that the roof of building 4 had been tested in 1989 and had been found to contain asbestos. The People may prove knowledge "circumstantially by conduct or directly by admission, or indirectly by contradictory statements from which guilt may be inferred" *(People v Reisman,* 29 NY2d 278, 285, *cert denied* 405 US 1041; *see also, People v Walker,* 166 AD2d 911, *lv denied* 77 NY2d 845). "Knowledge * * * may be implied based on all of the surrounding circumstances *(see, e.g., People v Dordal,* 55 NY2d 954, 956, *rearg dismissed* 61 NY2d 759)" *(People v Turner,* 141 AD2d 878, *lv denied* 72 NY2d 962).

Viewing the evidence, as we must, in the light most favorable to the People *(People v Jennings, supra; People v Pelchat, supra),* we conclude that the evidence presented to the Grand Jury is legally sufficient to establish that Robertson, Edwards, Consitt, Ulreich and Munzert acted with the requisite culpable mental state to commit the crimes charged in counts one through five of the indictment. There is also sufficient evidence linking them with commission of the crimes charged. We modify the order, therefore, by reinstating counts one through five of the indictment as against those defendants and we remit the matter to County Court for further proceedings on the indictment. (Appeal from Order of Wayne County Court, Parenti, J.—Dismiss Indictment.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CADBURY BEVERAGES, INC., et al., Defendants, and JEFFREY ULREICH, Respondent. [614 NYS2d 336] —Order unanimously modified on the law and as modified affirmed and matter remitted to Wayne County Court for further proceedings on the indictment. Same Memorandum as in *People v Cadbury Beverages* (203 AD2d 918 [decided herewith]). (Appeal from Order of Wayne County Court, Parenti, J.—Dismiss Indictment.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CADBURY BEVERAGES, INC., et al., Defendants, and NICHOLAS EDWARDS, Respondent. [614 NYS2d 336] —Order unanimously modified on the law and as modified affirmed and matter remitted to Wayne County Court for further proceedings on

the indictment. Same Memorandum as in *People v Cadbury Beverages* (203 AD2d 918 [decided herewith]). (Appeal from Order of Wayne County Court, Parenti, J.—Dismiss Indictment.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CADBURY BEVERAGES, INC., et al., Defendants, and THOMAS MUNZERT, Respondent. [614 NYS2d 336] —Order unanimously modified on the law and as modified affirmed and matter remitted to Wayne County Court for further proceedings on the indictment. Same Memorandum as in *People v Cadbury Beverages* (203 AD2d 918 [decided herewith]). (Appeal from Order of Wayne County Court, Parenti, J.—Dismiss Indictment.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CADBURY BEVERAGES, INC., et al., Defendants, and JEFFREY GLAHN, Respondent. [614 NYS2d 337] —Order unanimously affirmed. Same Memorandum as in *People v Cadbury Beverages* (203 AD2d 918 [decided herewith]). (Appeal from Order of Wayne County Court, Parenti, J.—Dismiss Indictment.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CADBURY BEVERAGES, INC., et al., Defendants, and JAMES ROBERTSON, Respondent. [614 NYS2d 337] —Order unanimously modified on the law and as modified affirmed and matter remitted to Wayne County Court for further proceedings on the indictment. Same Memorandum as in *People v Cadbury Beverages* (203 AD2d 918 [decided herewith]). (Appeal from Order of Wayne County Court, Parenti, J.—Dismiss Indictment.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.

■ DAVID N. COLOPY, Respondent, v WILLIAM C. McCOMBS, INC., Appellant. [611 NYS2d 83] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover for personal injuries he sustained when he was struck by the hydraulic boom of a truck and fell to the ground from the truck. At the time of the accident, the truck had been leased to defendant for use on its roofing project at Attica Correctional Facility. The complaint alleges causes of action for violations of Labor Law §§ 200, 240 (1), and § 241 (6) and common-law negligence. Following discovery, both parties