■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN BROWN, Appellant. [610 NYS2d 327] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered August 21, 1992, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At about 1:15 A.M. on September 27, 1991, the defendant, wielding a gun, and an unapprehended male robbed the victim of her purse, and then drove away in her Buick automobile without her permission. The robbery lasted approximately 10 minutes. It occurred in a well-lit area, and for almost 90 per cent of the time the victim was able to observe the defendant's face. Consequently, she was able to describe the defendant to a police officer who arrived on the scene, as well as select him from among five others in a lineup conducted on October 15, 1991. After a trial, the jury found the victim's identification testimony more credible than the testimony of the defendant's alibi witnesses.

The defendant claims that the court erred in not including defense counsel's suggested language in its identification charge to the jury. The argument is without merit. The court delivered an extensive charge on identification which included all of the required elements (see, People v Whalen, 59 NY2d 273; People v Daniels, 88 AD2d 392; 1 CJI[NY] 10.01, at 583). For example, it elaborated on the People's burden to prove identification beyond a reasonable doubt, and urged the jury to consider the victim's credibility and her opportunity to observe the defendant during the commission of the robbery. The court also instructed the jury to consider the surrounding circumstances, e.g., the lighting conditions at the crime scene, the distance between the victim and the defendant, and how long the robbery lasted. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.