■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSEAN HARGROVE, Appellant. [624 NYS2d 39] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered December 14, 1992, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's claim that he was denied effective cross-examination of the one eyewitness to the crimes. Although a criminal defendant is guaranteed the right to confront all adverse witnesses through cross-examination *(Delaware v Van Arsdall,* 475 US 673; *Davis v Alaska,* 415 US 308), that right is not unlimited *(People v Stanard,* 42 NY2d 74, 83, *cert denied* 434 US 986; *People v Martinez,* 177 AD2d 600). "Evidence, while technically relevant, may be excluded if it is too * * * remote or conjectural to have any legitimate influence in determining the fact in issue" *(People v Martinez,* 177 AD2d 600, 601, *supra).*

Here, the defense attorney's offer of good faith for seeking responses to the questions which he was precluded from asking, was that he had been told by some residents of the housing project where the witness resided that the witness had previously dealt in stolen goods. The information allegedly obtained from people in the housing project constituted hearsay, and the trial court did not improvidently exercise its discretion in precluding questioning on the subject *(see, People v Pavao,* 59 NY2d 282; *People v Brown,* 124 AD2d 667).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions

and find them to be without merit. Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.