■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTICI TAYLOR, Appellant. [627 NYS2d 976] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered July 7, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err by limiting the cross-examination of one of the police officers who testified at trial and by precluding certain proffered testimony of other police officers. Since the matters that defense counsel sought to explore were collateral and of a speculative nature, the court properly exercised its discretion by limiting and precluding the testimony with regard thereto (see, People v Davis, 43 NY2d 17, 27, cert denied 435 US 998; People v Veras, 182 AD2d 729; People v O'Connor, 154 AD2d 626).

The defendant has, for the most part, failed to preserve for appellate review his contention that the prosecutor made improper statements during his summation (see, People v Dordal, 55 NY2d 954). In any event, the remarks in question were fair comment on the evidence (see, People v Ashwal, 39 NY2d 105), fair response to the comments that defense counsel made during his summation (see, People v Galloway, 54

NY2d 396), or harmless in light of the overwhelming evidence of the defendant's guilt and the court's subsequent instructions, which served to cure any prejudice to the defendant *(see, People v Basora,* 75 NY2d 992; *People v Crimmins,* 36 NY2d 230).* Balletta, J. P., Miller, Santucci and Altman, JJ., concur.