■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUGINO, Appellant. (Appeal No. 1.) [645 NYS2d 249] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was deprived of his right to confront witnesses against him when County Court limited defense counsel's cross-examination of a prosecution witness. The court ruled that defense counsel could not inquire into certain alleged prior bad acts concerning which the prosecution witness intended to invoke his Fifth Amendment privilege. Defendant's right of confrontation was not violated because the alleged prior bad acts were collateral to the direct evidence (see, People v Farruggia, 77 AD2d 447, 452; see also, People v Siegel, 87 NY2d 536). In any event, the inability of defense counsel to cross-examine the prosecution witness concerning those prior bad acts did not impair defendant from advancing his theory of defense to the jury (see, People v Chin, 67 NY2d 22; People v Green, 170 AD2d 1024, 1025, lv denied 78 NY2d 966). Defense counsel impeached the prosecution witness on cross-examination with numerous violent crimes and fully explored his motive to testify falsely against defendant.

Defendant's contention that the sentence imposed must be vacated because the court failed to follow the mandates of CPL 400.20 (3) and (4) is also without merit. Defendant received the People's CPL 400.20 notice and failed to challenge the People's allegations (see, People v Oliver, 96 AD2d 1104, 1105-1106, affd 63 NY2d 973).

We reject the contention of defendant that his sentences should be vacated because presentence investigation reports were not filed on each of the four indictments as required by CPL 390.20. A presentence investigation report was ordered and filed on one indictment, and the court was not required to order separate reports for each indictment because to do so would have been cumulative (see, People v Hendricks [appeal No. 1], 178 AD2d 1027, lv denied 79 NY2d 1002).

We conclude that the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495; People v Johnson, 205 AD2d 707, lv denied 84 NY2d 868) and that the sentence is neither unduly harsh nor severe.

We have reviewed the contentions raised in defendant's pro se supplemental brief and conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Conspiracy, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUGINO, Appellant. (Appeal No. 2.) [646 NYS2d 488]

—Judgment unanimously affirmed. Same Memorandum as in *People v Gugino* ([appeal No. 1] 229 AD2d 968 [decided herewith]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Rape, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUGINO, Appellant. (Appeal No. 3.) [646 NYS2d 488] —Judgment unanimously affirmed. Same Memorandum as in *People v Gugino* ([appeal No. 1] 229 AD2d 968 [decided herewith]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Unauthorized Use of Motor Vehicle, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUGINO, Appellant. (Appeal No. 4.) [646 NYS2d 488] —Judgment unanimously affirmed. Same Memorandum as in *People v Gugino* ([appeal No. 1] 229 AD2d 968 [decided herewith]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE C. DAVIS, Appellant. [645 NYS2d 251] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree and criminal possession of a weapon in the fourth degree in the strangulation death of Patricia Ferguson. By failing to make a motion to dismiss at the close of the People's proof addressed specifically to the failure of proof on the element of intent, defendant failed to preserve for review his present argument that the evidence is insufficient to prove that he intended to kill the victim (*see, People v McCall,* 88 NY2d 838; *People v Wosu,* 87 NY2d 935; *People v Gray,* 86 NY2d 10, 19). In any event, the proof adduced at trial concerning the circumstances surrounding the death of the victim, viewed in the light most favorable to the People, is sufficient to prove that defendant intended to kill her (*see, People v Steinberg,* 79 NY2d 673, 681-682; *People v Wallace,* 217 AD2d 918, *lv denied* 86 NY2d 847). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

The determination of the *Huntley* court, that defendant was not in custody in the police car on the way to the victim's home, is supported by the record and should not be disturbed (*see, People v Prochilo,* 41 NY2d 759, 761). Defendant had turned himself in to the police and had voluntarily agreed to accompany them to the victim's home to verify that there had