■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUGINO, Appellant. (Appeal No. 1.) [645 NYS2d 249] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was deprived of his right to confront witnesses against him when County Court limited defense counsel's cross-examination of a prosecution witness. The court ruled that defense counsel could not inquire into certain alleged prior bad acts concerning which the prosecution witness intended to invoke his Fifth Amendment privilege. Defendant's right of confrontation was not violated because the alleged prior bad acts were collateral to the direct evidence (*see, People v Farruggia,* 77 AD2d 447, 452; *see also, People v Siegel,* 87 NY2d 536). In any event, the inability of defense counsel to cross-examine the prosecution witness concerning those prior bad acts did not impair defendant from advancing his theory of defense to the jury (*see, People v Chin,* 67 NY2d 22; *People v Green,* 170 AD2d 1024, 1025, *lv denied* 78 NY2d 966). Defense counsel impeached the prosecution witness on cross-examination with numerous violent crimes and fully explored his motive to testify falsely against defendant.

Defendant's contention that the sentence imposed must be vacated because the court failed to follow the mandates of CPL 400.20 (3) and (4) is also without merit. Defendant received the People's CPL 400.20 notice and failed to challenge the People's allegations (*see, People v Oliver,* 96 AD2d 1104, 1105-1106, *affd* 63 NY2d 973).

We reject the contention of defendant that his sentences should be vacated because presentence investigation reports were not filed on each of the four indictments as required by CPL 390.20. A presentence investigation report was ordered and filed on one indictment, and the court was not required to order separate reports for each indictment because to do so would have been cumulative (*see, People v Hendricks* [appeal No. 1], 178 AD2d 1027, *lv denied* 79 NY2d 1002).

We conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Johnson,* 205 AD2d 707, *lv denied* 84 NY2d 868) and that the sentence is neither unduly harsh nor severe.

We have reviewed the contentions raised in defendant's *pro se* supplemental brief and conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Conspiracy, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.