—Judgment unanimously affirmed. Same Memorandum as in *People v Gugino* ([appeal No. 1] 229 AD2d 968 [decided herewith]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Rape, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUGINO, Appellant. (Appeal No. 3.) [646 NYS2d 488] —Judgment unanimously affirmed. Same Memorandum as in *People v Gugino* ([appeal No. 1] 229 AD2d 968 [decided herewith]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Unauthorized Use of Motor Vehicle, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUGINO, Appellant. (Appeal No. 4.) [646 NYS2d 488] —Judgment unanimously affirmed. Same Memorandum as in *People v Gugino* ([appeal No. 1] 229 AD2d 968 [decided herewith]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE C. DAVIS, Appellant. [645 NYS2d 251] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree and criminal possession of a weapon in the fourth degree in the strangulation death of Patricia Ferguson. By failing to make a motion to dismiss at the close of the People's proof addressed specifically to the failure of proof on the element of intent, defendant failed to preserve for review his present argument that the evidence is insufficient to prove that he intended to kill the victim (*see, People v McCall*, 88 NY2d 838; *People v Wosu*, 87 NY2d 935; *People v Gray*, 86 NY2d 10, 19). In any event, the proof adduced at trial concerning the circumstances surrounding the death of the victim, viewed in the light most favorable to the People, is sufficient to prove that defendant intended to kill her (*see, People v Steinberg*, 79 NY2d 673, 681-682; *People v Wallace*, 217 AD2d 918, *lv denied* 86 NY2d 847). The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

The determination of the *Huntley* court, that defendant was not in custody in the police car on the way to the victim's home, is supported by the record and should not be disturbed (*see, People v Prochilo*, 41 NY2d 759, 761). Defendant had turned himself in to the police and had voluntarily agreed to accompany them to the victim's home to verify that there had