■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McMILLAN, Appellant. [648 NYS2d 63] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of various crimes arising out of three robberies that occurred in September 1993. He contends that the robbery counts of the indictment are constitutionally defective because they do not allege the element of force against a particular person. That contention is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Iannone*, 45 NY2d 589, 600-601). In any event, it is without merit. It is not necessary that an indictment name the person from whom a defendant forcibly stole property (*cf., People ex rel. Shaffer v Kuhlmann*, 173 AD2d 1034, 1035, *lv denied* 78 NY2d 856). Defendant further contends that Supreme Court erred in denying his requests to charge on eyewitness identification. We disagree. An expanded identification charge was given that was similar to the proposed charge on identification in the pattern Criminal Jury Instructions (*see,* 1 CJI[NY] 10.01, at 583-593). Additionally, when viewed in its entirety, the charge accurately conveyed to the jury the way in which to evaluate the identification testimony and instructed the jury that identification must be proved beyond a reasonable doubt (*see, People v Zocchi*, 133 AD2d 478). There is no merit to defendant's contentions that the photo array shown to one of the victims was unduly suggestive or that there was no testimony at the suppression hearing to support an independent basis for one of the victims' in-court identification. We have considered the remaining contentions of defendant, including those raised in his *pro se* supplemental brief, and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Pine, Fallon, Wesley and Davis, JJ.