■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY J. COSTNER, Appellant. (Appeal No. 3.) [649 NYS2d 877] —Judgment unanimously affirmed. Same Memorandum as in *People v Costner* ([appeal No. 1] 233 AD2d 935 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Robbery, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PEROTTI, Appellant. (Appeal No. 2.) [649 NYS2d 899] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting defendant of violating the terms and conditions of his probation, revoking his probation, and sentencing him to an indeterminate term of incarceration of $1^1/_3$ to 4 years, defendant contends that County Court deprived him of his constitutional right to cross-examine and confront the witness who testified against him. Specifically, he contends that the court erred in refusing to permit defense counsel to cross-examine the witness regarding her "alcoholism, intoxication and recollection of the facts". Defendant's contention lacks merit.

It is well settled that the scope of cross-examination is a matter addressed to the sound discretion of the trial court (*see, People v Glogowski*, 174 AD2d 1039, 1040, *lv denied* 79 NY2d 857). Such discretion includes limiting the scope of cross-examination concerning collateral issues designed solely to impeach the witness's credibility (*see, People v Presha*, 190 AD2d 1005, *lv denied* 81 NY2d 891). "[T]he exercise of [the trial court's] discretion [upon matters immaterial to the issue] may not be reviewed on appeal in the absence of plain abuse and injustice" *(People v Chatman*, 186 AD2d 1004, *lv denied* 81 NY2d 761).

In the present case, defense counsel was given wide latitude in his cross-examination of the witness. He did not, however, attempt to connect the witness's alcoholism and the effect of that alcoholism on the witness's recollection of the present incident. Moreover, defense counsel was permitted to cross-examine the witness fully regarding her recollection of the incident, and the issue of credibility was a matter for the court to resolve. (Appeal from Judgment of Monroe County Court, Marks, J.—Violation of Probation.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.