■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD STANIN, Appellant. [652 NYS2d 580] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Monroe County Court, Maloy, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY SNELL, Appellant. [652 NYS2d 455] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a non-jury trial of assault in the second degree and reckless endangerment in the first degree. There is no merit to defendant's contention that County Court erred when it prohibited defense counsel from cross-examining the victim of the assault about an infant settlement in a prior personal injury action. The scope of cross-examination is within the sound discretion of the trial court (*Delaware v Van Arsdall,* 475 US 673, 679; *People v Hults,* 76 NY2d 190, 199; *People v Glogowski,* 174 AD2d 1039, 1040, *lv denied* 79 NY2d 857). The court permitted defense counsel to question the victim about any injuries he sustained in the automobile accident, but prohibited him from making any inquiry about the infant settlement. We conclude that the trial court's ruling did not prevent an effective cross-examination (*see, People v Ashner,* 190 AD2d 238, 246). In any event, any alleged error is harmless beyond a reasonable doubt (*see, People v Crimmins,* 36 NY2d 230, 237; *People v Ashner, supra,* at 246). (Appeal from Judgment of Monroe County Court, Marks, J.—Assault, 2nd Degree.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.