■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATOYA CADELL, Appellant. [683 NYS2d 222] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered July 10, 1996, convicting defendant, after a jury trial, of assault in the second degree and endangering the welfare of a child, and sentencing her, as a second felony offender, to concurrent terms of 3 to 6 years and 1 year, respectively, unanimously affirmed.

The trial court properly exercised its discretion in finding that a pediatrician with 16 years experience, who had treated children with burns of the same nature as those received by the complainant, and whose professional instruction to medical students included how to determine the cause of burns, possessed the requisite skill and experience to be considered a medical expert on the subject of the causation of the burns (see, Fuller v Preis, 35 NY2d 425, 431; Edgewater Apts. v Flynn, 216 AD2d 53). Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT MACON, Appellant. [683 NYS2d 494] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered January 8, 1997, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

The prosecutor's proper cross-examination of defendant concerning his employment, which inquiry resulted in defendant's unexpected admission of prior drug involvement, was not a violation of the court's Sandoval ruling.

The court properly exercised its discretion in limiting cross-examination of the complainant by precluding defendant from questioning him about his alleged participation in a murder 10 or 12 years earlier for which someone else had been convicted. Defendant's offer of proof was inadequate and lacked a good faith basis in that it was speculative and based upon totally unreliable rumor (see, People v Hargrove, 213 AD2d 492, lv denied 87 NY2d 846).

We have considered and rejected defendant's other claims. Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.