■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant. (Appeal No. 1.) [685 NYS2d 164] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of robbery in the first degree (Penal Law § 160.15), robbery in the second degree (Penal Law § 160.10), robbery in the third degree (Penal Law § 160.05) and petit larceny (Penal Law § 155.25).

Defendant contends that Supreme Court improperly restricted defense counsel's cross-examination of the victim, the

sole eyewitness. "The scope of cross-examination is within the sound discretion of the trial court" (*People v Snell*, 234 AD2d 986, *lv denied* 89 NY2d 1015). The court properly exercised its discretion in precluding certain questioning regarding the reliability of the identification of defendant because that questioning sought to elicit testimony that constituted hearsay (*see, People v Hargrove*, 213 AD2d 492, *lv denied* 87 NY2d 846) and testimony that was irrelevant (*see, People v Martinez*, 177 AD2d 600, 601, *lv denied* 79 NY2d 829). The court also properly exercised its discretion in curtailing further cross-examination regarding the victim's credibility (*see, People v Wuo Queeglay*, 237 AD2d 896, *lv denied* 90 NY2d 866). The court's "discretion includes limiting the scope of cross-examination concerning collateral issues designed solely to impeach the witness's credibility" (*People v Perotti*, 233 AD2d 936, *lv denied* 89 NY2d 945). The court properly sustained the prosecutor's objections to questions of the witness concerning the ownership of the store where the robbery occurred and the financing involved in the purchase of the store (*see, People v Sloan*, 242 AD2d 898, *lv denied* 91 NY2d 880; *People v Gugino* [appeal No. 1], 229 AD2d 968, *lv denied* 89 NY2d 864).

We reject the contention of defendant that the court improperly restricted the scope of the testimony of an alibi witness on redirect examination. "The extent of redirect examination is, for the most part, governed by the sound discretion of the trial court" (*People v Melendez*, 55 NY2d 445, 451), and here the court did not abuse its discretion.

Defendant contends that the court erred in failing to include in its charge on eyewitness identification the language in the pattern Criminal Jury Instructions (*see*, 1 CJI[NY] 10.01, at 583-586) requested by defendant and that the charge was unbalanced. Although it would have been preferable for the court to include that language in its charge, "when viewed in its entirety, the charge accurately conveyed to the jury the way in which to evaluate the identification testimony and instructed the jury that identification must be proved beyond a reasonable doubt" (*People v McMillan*, 231 AD2d 841, *lv denied* 89 NY2d 987, *cert denied* 522 US 830; *see, People v Whalen*, 59 NY2d 273, 278-279; *People v Brown*, 203 AD2d 474). Defendant's contention that the identification charge was not balanced is not preserved for our review (*see*, CPL 470.05 [2]) and, in any event, lacks merit (*cf., People v Hall*, 155 AD2d 344).

Defendant likewise failed to preserve for our review his contention that the court erroneously instructed the jury in its

charge on the alibi defense (*see*, CPL 470.05 [2]; *People v Whalen*, *supra*, at 280). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

The court properly denied without a hearing the motion of defendant to set aside the verdict pursuant to CPL 330.30 (3). The purported newly discovered evidence was cumulative of the evidence presented by defendant at trial (*see*, *People v Villone*, 138 AD2d 971, *lv denied* 72 NY2d 913). We reject the contention of defendant that he was denied a fair trial by cumulative error. Defendant's conviction is supported by legally sufficient evidence and the verdict is not contrary to the weight of the evidence (*see*, *People v Bleakley*, 69 NY2d 490, 495). Lastly, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.