■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered February 22, 1984, convicting him of rape in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant and three others were charged with various crimes following an attack upon a woman in the early morning hours of October 9, 1982. The three codefendants eventually pleaded guilty, and the defendant was tried alone.

The People's case at trial consisted principally of the following: (1) the testimony of the complainant, who identified the defendant as one of her four assailants; (2) two witnesses who knew the defendant and testified that they saw him in the group that attacked the woman, one of whom saw the defendant help carry the complainant behind an apartment building and then act as a lookout during the rape; and (3) the defendant's statement to the police in which he admitted that he was with the others when they attacked the complainant, but that he immediately left and did not return until the criminal acts were completed, at which time he was given some of the proceeds of the robbery. Also admitted at trial, over objection, was a redacted statement of the codefendant Little to the police, which read: "I, David Wayne Little, am making these statements of my own free will to Detective Foley. Friday night, we saw a Spanish lady. We decided to rob her. She came across the street. We ran over to her. I grabbed her and then she fell down by the side of the building. Then I went into her pocket and ripped her pants. All of a sudden another guy pushed me to the side and got on top of her trying to push her legs open and touched her vagina. I got up, brushed my pants off and then me and another guy ran".

The defendant took the stand in his own defense, and gave testimony that conformed, in large part, to the statement he had earlier given the police. Importantly, however, the defendant now added that he did *not* immediately leave the scene, but saw one of his codefendants throw the complainant to the ground and begin to rip her clothes off. The defendant's testimony also corroborated the People's witness who claimed that she saw him standing as a lookout during the rape, to the extent that he admitted seeing and speaking to that witness at the scene of the crime.

The defendant was convicted of rape in the first degree and robbery in the second degree (two counts).

The defendant concedes on appeal that Little's redacted statement did not clearly incriminate him. Nevertheless, he argues that his conviction must be reversed because the admission of the codefendant's statement violated his right to confrontation under the 6th Amendment. We disagree.

As a general rule, a codefendant's confession is considered presumptively unreliable insofar as it concerns the defendant's conduct or culpability, and unless those portions of the codefendant's statement are thoroughly substantiated by the defendant's own statement, it should not be admitted (Lee v Illinois, 476 US —, —, 106 S Ct 2056, 2064-2065). However, the presumption against admissibility can be overcome when the proffered statement is possessed of sufficient "indicia of reliability" as to its trustworthiness. In determining whether the presumption is thus overcome, the court should examine both the circumstances surrounding the codefendant's statement and the degree to which it "interlocks" with the defendant's statement (Lee v Illinois, supra, at p —, pp 2064-2065).

The admission of Little's statement did not deprive the defendant of any constitutional right. With the exception of that portion of Little's confession which states "*We* decided to rob her" (emphasis supplied), there are no significant discrepancies between it and the defendant's own statement, the principal concern expressed by the court in Lee (supra). With respect to that one sentence, "We decided to rob her", it is not, as the defendant admits, clearly indicative of criminal conduct on his part, as two other persons were also involved in the crimes. Additionally, Little's statement, made to the police after he had been advised of his Miranda rights as a suspect in the instant crimes, was clearly against his penal interests, traditionally an indication of reliability sufficient to render admissible an otherwise hearsay statement (see, Ohio v Roberts, 448 US 56, 66; People v Geoghegan, 51 NY2d 45; cf. Lee v Illinois, supra, at p —, n 5, p 2064, n 5). Unlike the circumstances present in Lee (supra), there is no evidence here that Little's statement was obtained only after he was told that he had been implicated by a codefendant, nor does it appear that Little was ever a potential witness for the People.

Finally, even were we to determine that the admission of Little's statement were error, we would find that the overwhelming evidence of the defendant's guilt rendered it harmless beyond a reasonable doubt (Harrington v California, 395 US 250; see also, Lee v Illinois, supra, at p —, p 2065).

We have considered the defendant's other contention and find it to be without merit. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.