■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ELLIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered August 23, 1984, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly determined that the showup identification procedure, which occurred within 1½ hours of the robbery and immediately subsequent to the arrest of the defendant, who fit the description provided by the complainants and was, at the time of his arrest, entering a vehicle bearing the license number of the "getaway car", was not so "unnecessarily suggestive and conducive to irreparable mistaken identification, that the defendant was denied due process of law" *(People v Brnja,* 70 AD2d 17, 23, *affd* 50 NY2d 366; *see, People v Veal,* 106 AD2d 418).

The admission of the extrajudicial statement made by the codefendant, who was tried in absentia, did not deprive the defendant of his right of confrontation. The statement was effectively redacted so that the jury would not interpret its admissions as incriminating the defendant *(see, People v Wheeler,* 62 NY2d 867; *People v Jackson,* 22 NY2d 446), particularly in light of the testimony that two other persons were also involved in the crimes *(see, People v Wheeler, supra,* at p 869; *People v Young,* 122 AD2d 863).

Finally, the trial court's initial preclusion of the defense from establishing, during both cross-examination and its direct case, the complainants' bias, hostility or motive to lie was erroneous, since "the subject of [such] inquiry is not collateral" *(People v Chin,* 67 NY2d 22, 28), but is directly probative on the issue of credibility *(see, People v Thomas,* 46 NY2d 100; Richardson, Evidence §§ 491, 503 [Prince 10th ed]). The defendant, however, was neither deprived of his right of confrontation nor prejudiced by this ruling, since the court thereafter reversed its determination and the testimony was ultimately elicited through other witnesses *(see, People v Chin, supra).* Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.