THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY GILMORE, Appellant

Both the complainant and an eyewitness testified at trial that the defendant left the car in which he was riding when he saw the complainant, whom he knew, walking alone in the street late at night. It was further established by these witnesses that the defendant walked up to the complainant, pushed and punched him and hit him with a bottle. When the complainant ran away, the defendant shot him in the back from a distance of about 15 feet. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that the trial testimony was legally sufficient for the jury to find the defendant guilty of the charges upon which he was convicted. The defendant also contends that these witnesses should not have been believed by the jury, since they were involved with illegal drugs. We disagree. The involvement of the witnesses with drugs was a factor to be weighed in gauging their credibility, and resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to

be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the remaining arguments raised by the defendant and find them to be without merit *(see, People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012; *People v Thomas,* 46 NY2d 100, 105, *appeal dismissed* 444 US 891; *People v Ellis,* 126 AD2d 663, *lv granted* 69 NY2d 949; *People v Wise,* 46 NY2d 321). Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.