■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT McKNIGHT, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Sherman, J.), rendered December 3, 1986, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered December 3, 1986, revoking a sentence of probation imposed by the same court upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree.

Ordered that the judgment and the amended judgment are affirmed.

The defendant was convicted of selling cocaine to an undercover police officer on April 18, 1986, at approximately 5:00 P.M. in front of a residential building on Colden Street in Queens. The defendant was arrested just a few minutes later and was identified as the cocaine seller at the time of the arrest and at trial by both the undercover purchaser and his partner who was present during the transaction.

The defendant contends that certain evidentiary rulings deprived him of due process of law and require a new trial. However, we find that it was not an improvident exercise of discretion for the trial court to curtail defense counsel's cross-examination of a police witness concerning overtime pay and arrest quotas. Defense counsel was unable to articulate a good-faith basis for his questions or the relevance of this testimony to this prosecution. Thus, the court properly sustained the prosecutor's objections (cf., People v Kass, 25 NY2d 123, 126). Similarly, it was not error for the court to permit the prosecutor to adduce on redirect examination of a police witness that, in the witness's experience, "buy" money is recovered in approximately 45% to 50% of the cases. Defense counsel opened the door to this question by his lengthy cross-examination of the witness concerning the recovery of "buy" money in "buy and bust" operations such as the instant case.

Furthermore, the defendant's claim of prejudice resulting from the use of shield numbers, rather than names, to identify two undercover officers who testified at trial is not preserved for appellate review (CPL 470.05 [2]). Defense counsel voiced no objection to the use of this procedure, and we decline to reach this claim of impropriety in the interest of justice. Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.