■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ARTHUR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered June 22, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant, along with two codefendants, was arrested pursuant to a so-called "buy and bust" operation for the sale of two $5 vials of crack cocaine at a store operated by the defendant. Prior to the sale, members of the backup team observed the defendant walk to his car which was parked across the street from the store. The defendant placed a small package inside the car, before returning to the store in time to open the door for the undercover officer. The defendant asked

the undercover officer what she wanted. The undercover officer replied that she wanted "two nickels", to which the defendant responded: "okay". Inside the store, the undercover officer asked one of the codefendants, who was behind a plexiglass-encased counter, for "two nickels". The man behind the counter inquired of the undercover officer whether she wanted "nickels of crack" and the undercover officer responded in the affirmative. The man behind the counter then looked at the defendant, who made a head motion to the second codefendant. The second codefendant walked to a portable electric radiator from which he retrieved something the undercover could not see. The second codefendant next went behind the plexiglass-encased counter and put his hand out for money. The undercover officer handed the second codefendant a $20 prerecorded bill, and received a $10 bill as change. The first codefendant subsequently handed the defendant a brown paper bag containing two vials, which were later determined to hold crack cocaine. The undercover officer returned to her car, from which she radioed the backup team. She notified the team of her purchase, and described the three suspects involved in the sale: the defendant and the two codefendants. The backup team responded to the location of the sale and arrested the three suspects. In searching the defendant's person, one of the officers discovered $159, $20 of which was prerecorded purchase money, and a car key in the defendant's pocket. The officer used this key to open the defendant's car parked across the street. Inside the glove compartment of the defendant's car, the searching officer found a brown paper bag, which contained $765 in small denominations of $20 or less.

On appeal, the defendant contends that the Supreme Court improperly admitted into evidence the currency found in the glove compartment of the defendant's car. Contrary to the contention of the defendant, the hearing court's determination that the police had probable cause to search the glove compartment of the defendant's car for the package was supported by the record (see, People v Orlando, 56 NY2d 441). The searching officer testified at the pretrial hearing that after having seen the defendant place the package in the car, and after matching the defendant's description with that of one of the suspects involved in the sale identified by the undercover officer, he thought that the package left in the car might contain money or drugs (see, People v Langen, 60 NY2d 170, citing United States v Ross, 456 US 798; People v Orlando, supra). Although testimony that a defendant is found in

possession of a large amount of currency is generally not relevant where the prosecutor intends to prove only an isolated sale *(see, People v Valderama,* 161 AD2d 820), under the circumstances of this case, where prerecorded purchase money was recovered from the defendant's person, there was no significant probability that the error might have contributed to the defendant's conviction, and therefore, any error was harmless *(see, People v Crimmins,* 36 NY2d 230, 237; *cf., People v Valderama, supra).*

The defendant further contends that the court erred when it limited the defense counsel's questioning of certain prosecution witnesses, regarding the success of the undercover operation at other locations on the day of the defendant's arrest. The defendant intended to prove with this information that the so-called "buy and bust" team was under pressure to make arrests. We find that the court's circumscription of cross-examination of this topic was not an improvident exercise of discretion, since the defense theory to be proved was a remote extrapolation from the facts *(see, People v McKnight,* 144 AD2d 702, 703).

The defendant also argues that the court denied him a fair trial by improperly eliciting certain prejudicial hearsay responses from witnesses. However, we find that the court's "limited interference" was proper under the circumstances to clarify certain issues *(see, People v Martinez,* 154 AD2d 401, 402, citing *People v Yut Wai Tom,* 53 NY2d 44). Furthermore, we note that the testimony elicited by the court was not hearsay *(see,* Richardson, Evidence § 201 [Prince 10th ed]).

We have reviewed the defendant's remaining contentions and find then to be without merit *(see, People v Canty,* 60 NY2d 830; 1 CJI[NY] 20.05, at 771-773; *People v Delgado,* 80 NY2d 780). Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.