■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO RODRIGUEZ, Appellant. [595 NYS2d 799] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 17, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was denied his rights to confrontation, to effective cross-examination, and to present a defense by the trial court's ruling limiting the scope and extent of cross-examination of the arresting officer. Although proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative (see, People v Hudy, 73 NY2d 40, 57; People v Stewart, 188 AD2d 626; People v Arthur, 186 AD2d 661; People v McKnight, 144 AD2d 702, 703; People v Samuels, 119 AD2d 706). Moreover, cross-examination aimed at establishing a possible reason to fabricate must proceed upon some good-

faith basis *(see, People v Hudy, supra,* at 57; *People v Stewart, supra; People v Folk,* 145 AD2d 505; *People v McKnight, supra).* A review of the record indicates that the excluded line of questioning, attempting to establish that the arresting officer fabricated his post-arrest report and the defendant's post-arrest inculpatory statement in order to gain favor with the superior officers on his new assignment, was purely speculative and lacked any factual basis. Accordingly, the court properly exercised its discretion in limiting defense counsel's cross-examination of the arresting officer.

We also find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.