■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY A. RANDOLPH, Appellant. [611 NYS2d 561] —Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered April 30, 1992 convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant contends that he was deprived of a fair trial when his defense counsel was precluded from cross-examining the police officer who had identified him during an ongoing investigation of narcotics sales regarding the officer's misidentifications of two other subjects of the investigation. On the particular facts of this case, we agree.

On October 17, 1990, between 8:00 and 9:30 P.M., the officer

allegedly made two separate purchases of crack cocaine from the defendant in LePore Park, Peekskill, New York. The first transaction lasted approximately one minute; the second transaction lasted approximately 20 seconds. The officer testified that, while he could not recall the exact date, he subsequently observed the defendant again in LePore Park. The officer also testified that he did not recall to whom he spoke or the exact procedure by which he procured the defendant's name; however, he did recall that he had asked "different people on the street" the defendant's name. The officer submitted the name to police headquarters and requested that the police files be searched for a photograph of the defendant. As part of the same ongoing investigation, the officer also obtained the names of three other individuals who had allegedly sold narcotics to him, and he requested a photograph of each of those three individuals.

On October 23, 1990, a package of four photographs was delivered to the officer. He testified that he recognized all four individuals, including the defendant. The officer also testified that he wrote the defendant's name on the back of his photograph and that he wrote the names of the others on the backs of their photographs. Six months later the defendant was arrested.

Prior to cross-examination of the officer, the defense counsel made an offer of proof regarding the alleged misidentifications of two of the four individuals whose photographs had been delivered to the officer on October 23, 1990. The defense counsel indicated that one of those individuals had allegedly sold narcotics to the officer on October 16, 1990, one day prior to the alleged sale in the present case. The defense counsel indicated that he had reason to believe that the procedure used to obtain that individual's name was the same procedure as the one that had been used in the present case. The defense counsel also indicated that he had reason to believe that the individual in question was one of the four whose photographs had been delivered to the officer along with the defendant's photograph. That individual had an alibi, i.e., that he had been in South Carolina on the date of the alleged narcotics sale. The defense counsel stated that he had reason to believe that the officer had misidentifed that individual because, after the People had investigated his alibi, they consented to his release on his own recognizance.

The other individual who was allegedly misidentified had allegedly sold narcotics to the same officer on October 4, 1990, and again on October 22, 1990, one day prior to the officer's

identification of the defendant. An in camera interview of the Assistant District Attorney assigned to that case revealed that this second individual had served a notice of alibi indicating that he had been working at his place of employment in Ossining at the times of the alleged narcotics sales, that he had produced timesheets and witnesses with personal recollections that he had been working at the times in question, that he was 40 years old, that he had no criminal record, and that his case had been dismissed on the People's own motion.

The defense counsel articulated a good faith basis for the proposed line of questioning and the relevancy of the proffered testimony *(People v Hudy,* 73 NY2d 40; *People v Rodriguez,* 191 AD2d 723). On the particular facts of this case, i.e., the officer's ongoing investigation and use of the same modus operandi resulting in four identifications within a short period of time, two of which were likely to have been misidentifications, the proposed line of questioning was not collateral. The defense counsel should have been allowed to cross-examine the officer on this issue.

The defendant's remaining contentions are without merit. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.