■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL RAGLAND, Appellant. [658 NYS2d 448] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 30, 1994, convicting him of reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the effective assistance of counsel when his attorney allegedly waived the defendant's right to testify before the Grand Jury without first consulting the defendant. However, the record does not support the conclusion that counsel failed to consult with the defendant, or that the defendant was not present when counsel waived his right to testify before the Grand Jury.

The defendant also contends that the trial court erred in denying his request to call two witnesses whom he claimed were necessary not only to impeach the victim's credibility but also to support his version of what happened on the day in question and contradict the victim's story. However, it is clear that the testimony of the proposed witnesses would have been collateral to the question of the defendant's guilt and was sought to be introduced merely to impeach the credibility of the victim, who was the key prosecution witness, and had denied being a drug user (*see, People v Johnson*, 143 AD2d 847). While such testimony might affect the credibility of the victim in the eyes of the jury, it was nonetheless too remote and speculative to provide any bearing on the real issue, to wit, whether the defendant attempted to throw the victim out of a window of her tenth floor apartment (*see, People v O'Connor*, 154 AD2d 626). Joy, J. P., Goldstein, Florio and McGinity, JJ., concur.