■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BARNEY, Appellant. [715 NYS2d 758] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered May 28, 1996, convicting him of conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was denied his rights to confrontation, to effective cross-examination, or to present a defense, by virtue of the trial court's ruling limiting the scope and extent of cross-examination of the arresting police officer. Although proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative (*see, People v Hudy,* 73 NY2d 40, 57; *People v Stewart,* 188 AD2d 626; *People v Arthur,* 186 AD2d 661; *People v McKnight,* 144 AD2d 702; *People v Samuels,* 119 AD2d 706). Moreover, cross-examination aimed at establishing a possible reason to fabricate must proceed upon some good-faith basis (*see, People v Hudy, supra*; *People v Stweart, supra*; *People v McKnight, supra*). Here, the excluded line of questioning, attempting to establish that the arresting officer fabricated his version of the events surrounding the defendant's inculpatory statements and the defendant's arrest, was purely speculative and lacked any factual basis. Accordingly, the trial court properly exercised its discretion in limiting defense counsel's cross-examination of the arresting officer.

The defendant's remaining contentions are without merit. Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.