■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS SMITH, Appellant. [752 NYS2d 545] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered July 25, 1996, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was denied his rights to present a defense, to confrontation, and to effective cross-examination by the trial court's ruling precluding the defense counsel from cross-examining the detectives regarding their method of obtaining a statement from another witness. Although proof tending to establish that a defendant's admissions were fabricated or involuntarily obtained is not collateral and may not be excluded on that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative, or there is no good-faith basis for the proposed line of questioning (*see Crane v Kentucky,* 476 US 683; *People v Hudy,* 73 NY2d 40, 57; *People v Graham,* 55 NY2d 144; *People v Barney,* 277 AD2d 460; *People v George,* 197 AD2d 588, 589; *People v Rodriguez,* 191 AD2d 723; *People v Stewart,* 188 AD2d 626; *People v Veras,* 182 AD2d 729). In this case, the excluded line of questioning, which would

have attempted to establish that the detectives fabricated the defendant's confession or that the confession was involuntarily obtained, was purely speculative and lacked any factual basis (*see People v Daniels,* 225 AD2d 632; *People v Pereda,* 200 AD2d 774; *People v Arthur,* 186 AD2d 661, 663; *People v Samuels,* 119 AD2d 706). Accordingly, the trial court properly exercised its discretion in limiting the defense counsel's cross-examination of the detectives. Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.