■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PORFIRIO R. OCAMPO, Appellant. [813 NYS2d 217]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered October 9, 2003, convicting him of sodomy in the first degree (two counts), aggravated sexual assault in the second degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was indicted for aggravated sexual assault and related charges arising from a sexual encounter that occurred between him and the complainant, an 18-year-old illegal alien, on June 11, 2002. At trial, the defendant's theory was that the encounter was consensual and initiated by the complainant. Specifically, the defendant alleged that just before the encounter, the complainant told him that he was in desperate need of money because he owed $10,000 to the people who brought him to the United States, and that he wanted to have sex with the defendant in exchange for money. When the defense counsel sought to question the complainant about, among other things, this alleged statement, the court prohibited counsel from doing so, stating that he could ask the defendant directly. However, when the defendant sought to testify regarding the complainant's statements, the court ruled that it was inadmissable hearsay and that he had the opportunity to question the complainant when the complainant testified.

"A court's discretion in evidentiary rulings is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (*People v Carroll*, 95 NY2d 375, 385 [2000], citing *People v Hudy*, 73 NY2d 40, 57 [1988], *abrogated on other grounds by Carmell v Texas*, 529 US 513 [2000]). Proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, but examination of witnesses to establish such a motive must proceed upon some good-faith basis (*see People v Hudy, supra; People v Barney*, 277 AD2d 460, 461 [2000]; *People v McKnight*, 144 AD2d 702, 703 [1988]). A trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative (*see People v Barney, supra; People v Stewart*, 188 AD2d 626, 627 [1992]).

Here, the excluded evidence was not speculative (*see People v Barney, supra*) or cumulative (*see People v Corby*, 6 NY3d 231 [2005]), as it went directly to the credibility of the complainant and the defense (*see People v Ashner*, 190 AD2d 238, 247-248 [1993]). Further, the defense counsel offered a good-faith basis for the excluded line of questioning (*see People v Barney, supra; People v Hudy, supra*). Because the only two witnesses to the sexual encounter were the defendant and the complainant, whose stories differed markedly, this case turned solely on credibility. The jurors were "entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on [the complainant's] testimony" (*People v Ashner, supra* at 248 [internal quotation marks omitted]; *see Davis v Alaska*, 415 US 308, 317 [1974]).

Furthermore, the error was not harmless. Had the defendant been able to convince the jury that the complainant was in dire need of money and willing to do anything to get it "the prosecution's case would have been weakened—perhaps considerably" (*People v Ashner, supra* at 248). Accordingly, the judgment must be reversed and a new trial ordered.

The defendant's remaining contentions need not be reached in light of our determination. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.