■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR GRANT, Appellant. [875 NYS2d 532]—

Appeal by the defendant from a judgment of the Supreme Court, Orange County (Kiedaisch, J.), rendered November 16, 2007, convicting him of harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Orange County, for a new trial.

Although the trial court is granted broad discretion in making evidentiary rulings precluding or admitting evidence addressing collateral issues (*see People v Aska,* 91 NY2d 979 [1998]), "[a] court's discretion . . . is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (*People v Carroll,* 95 NY2d 375, 385 [2000], citing *People v Hudy,* 73 NY2d 40, 57 [1988], *abrogated on other grounds Carmell v Texas,* 529 US 513 [2000]). "Proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground" (*People v Ocampo,* 28 AD3d 684, 685 [2006]; *see People v Hudy,* 73 NY2d at 57; *People v Barney,* 277 AD2d 460, 461 [2000]; *People v McKnight,* 144 AD2d 702, 703 [1988]). Here, the excluded evidence—which included testimony as to statements the complainant was alleged to have made threatening to "get" the defendant—went directly to the credibility of the complainant (*see People v Ocampo,* 28 AD3d at 686; *People v Ashner,* 190 AD2d 238, 247-248 [1993]). Under the circumstances of this case, we cannot say the error was harmless (*see People v Crimmins,* 36 NY2d 230, 241 [1975]; *People v Ocampo,* 28 AD3d at 686). Accordingly, the judgment must be reversed and a new trial ordered. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.