*607 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered July 21, 2005, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
There is no merit to the defendant’s argument that he was deprived of his right to present a defense when the Supreme Court precluded certain testimony of a prospective witness. Although a defendant may not be precluded from introducing extrinsic evidence “where the issue to which the evidence relates is material” to those “issues that the jury must decide” (People v Carroll, 95 NY2d 375, 386 [2000], quoting People v Knight, 80 NY2d 845, 847 [1992]), a defendant may be precluded from introducing extrinsic evidence of collateral matters when the sole purpose of offering such evidence is to impeach credibility (see People v Pavao, 59 NY2d 282, 288 [1983]; People v Gilleo, 70 AD3d 1049, 1050 [2010]).
The defendant contends that he was present in the complainants’ apartment, as a participant in a drug transaction, when two unknown assailants entered the apartment and assaulted the complainants. The defendant asserts that he was not a participant in the crime, and that the complainants had wrongly implicated him because they mistakenly believed that he had set them up. At trial, when defense counsel cross-examined the complainants with regard to drug activity, they denied any involvement in dealing drugs. In response, the defendant sought to call a witness who would have testified, inter alia, to having a drug-dealing relationship with one of the complainants. Such testimony was collateral to the issues to be determined at trial. Thus, the Supreme Court providently exercised its discretion in precluding that testimony (see People v Aska, 91 NY2d 979 [1998]; People v Ragland, 240 AD2d 598 [1997]; see also People v Alexander, 16 AD3d 515 [2005]). Covello, J.P., Angiolillo, Leventhal and Austin, JJ., concur.