The People of the State of New York, Respondent,
against
Danny Valle, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered July 3, 2013. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree, attempted endangering the welfare of a child, and harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with assault in the third degree (Penal Law § 120.00 [1]), endangering the welfare of a child (Penal Law § 260.10 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). Prior to trial, the counts of assault in the third degree and endangering the welfare of a child were reduced to attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]), respectively. At a nonjury trial, six witnesses testified on behalf of the prosecution, including the complainant and three disinterested eyewitnesses to the incident. Following the trial, the Criminal Court found defendant guilty as charged.
Defendant's challenge to the legal sufficiency of the evidence is preserved for appellate review since he raised these same contentions with specificity before the Criminal Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the testimony of the complaining witness alone was sufficient to establish, beyond a reasonable doubt, defendant's guilt of the charged offenses. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, and particularly the testimony of the three impartial eyewitnesses to the incident, we find no basis to disturb the Criminal Court's credibility determinations and, as a result, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Edo, 132 AD3d 1011 [2015]; People v Braithwaite, 126 AD3d 993 [2015]).
It is well settled that a "party who is cross-examining a witness cannot introduce extrinsic documentary evidence . . . to contradict a witness' answers concerning collateral matters solely for the purpose of impeaching that witness' credibility" (People v Pavao, 59 NY2d 282, 288-289 [*2][1983]; see also People v Zabrocky, 26 NY2d 530, 535 [1970]). Thus, here, the Criminal Court did not improvidently exercise its discretion in excluding a Facebook post allegedly made by the complaining witness, which defense counsel sought to admit into evidence, as this evidence was collateral to the core issues in the case. Consequently, there is no merit to defendant's argument that he was deprived of his right to confront witnesses or to present a defense (see Pavao, 59 NY2d 282; People v Murray, 104 AD3d 426 [2013]; People v Seabrook, 76 AD3d 606 [2010]). In any event, even if the court's ruling were an improvident exercise of discretion, in view of the overwhelming evidence of guilt, the ruling constituted harmless error (see People v Malizia, 62 NY2d 755 [1984]; People v Crimmins, 36 NY2d 230 [1975]; People v Taylor, 40 AD3d 782 [2007]; People v Marks, 221 AD2d 945 [1995]; People v Jackson, 121 AD2d 396 [1986]). 
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: January 24, 2017