People v Gray (2018 NY Slip Op 02485)





People v Gray


2018 NY Slip Op 02485


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-01580
 (Ind. No. 2326-14)

[*1]The People of the State of New York, respondent,
v Robert Gray, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola and Felice Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered January 7, 2016, convicting him of menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On July 4, 2014, the defendant and the complainant were in the defendant's apartment when the defendant's licensed revolver discharged. The complainant alleged that the defendant threatened him at gunpoint and fired the weapon. According to the defendant, the weapon discharged as he was attempting to take it away from the complainant, who was threatening to kill himself.
The defendant's contention that the County Court deprived him of his right to present a defense by precluding the testimony of a witness that the complainant expressed suicidal thoughts one year before the subject incident is without merit. "A court's discretion in making evidentiary rulings is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (People v Taylor, 40 AD3d 782, 783; see People v Bradley, 99 AD3d 934, 936; People v Ocampo, 28 AD3d 684, 695). Here, the court providently exercised its discretion in precluding the proffered testimony, as it was speculative and too remote in time to suggest that the complainant was suicidal on the relevant date or otherwise responsible for the incident (see People v Ragland, 240 AD2d 598).
The defendant's contention that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of menacing in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (People v Mateo, 2 [*2]NY3d 383, 410; People v Jenkins, 81 AD3d 662, 662). Upon reviewing the record here, we conclude that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court