People v Smith (2019 NY Slip Op 05799)





People v Smith


2019 NY Slip Op 05799


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-01540
 (Ind. No. 1652/15)

[*1]The People of the State of New York, respondent,
v
Gary Smith, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Thomas Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of County Court, Suffolk County (Timothy P. Mazzei, J.), rendered December 22, 2016, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree, rape in the third degree, menacing in the second degree, assault in the third degree, and criminal obstruction of breathing or blood circulation, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (William Condon, J.), of the suppression of physical evidence.
ORDERED that the judgment is affirmed.
The defendant was charged with attempted murder in the second degree and related offenses arising out of an incident wherein he brandished a knife at the complainant, threatened to kill her, had sex with her without her consent, and thereafter stabbed her multiple times and ran away.
Prior to trial, the County Court held a Huntley hearing (see People v Huntley, 15 NY2d 72) to determine the admissibility of various statements the defendant made at the time of his arrest. The defendant's contention on appeal that the court should have held a separate Mapp hearing (see Mapp v Ohio, 367 US 643) to determine the admissibility of physical evidence is unpreserved for appellate review (see CPL 470.05), and, in any event, without merit. The hearing court incorporated the Mapp hearing into the Huntley hearing without objection by the defendant, and the defendant had the opportunity to call witnesses and cross-examine the People's witness about the physical evidence at issue. The defendant's further contentions challenging the admissibility of the physical evidence are also unpreserved for appellate review (see CPL 470.05), and, in any event, without merit (see People v Velasquez, 110 AD3d 835, 836; People v Gonzalez, 222 AD2d 453, 453).
Contrary to the defendant's contention, the evidence was legally sufficient to establish the defendant's guilt of attempted murder in the second degree beyond a reasonable doubt (see Penal Law §§ 110, 125.25[1]; People v Edwards, 160 AD3d 658, 658). The defendant's contention that the evidence was not legally sufficient to establish his guilt of rape in the third degree beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05), and, in any event, without merit (see Penal Law §§ 130.05, 130.25; People v Newton, 8 NY3d 460, 464; People v Powell, 128 AD3d 1174, 1176). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to each of the charges of which the defendant was convicted was [*2]not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court deprived him of his right to present a defense by precluding the testimony of two witnesses regarding the state of the complainant's mental health 9 years before the incident and 10 years before her testimony is unpreserved for appellate review (see CPL 470.05), and, in any event, without merit (see People v Gray, 160 AD3d 765, 765; People v Ragland, 240 AD2d 598, 598). We agree with the court's determination to preclude the proffered testimony as speculative and too remote in time to suggest that the complainant was not competent to testify at trial (see People v Gray, 160 AD3d at 766; People v Ragland, 240 AD2d at 598).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). We agree with the County Court that consecutive sentences were appropriate, as the acts underlying the count of rape in the third degree were separate and distinct from those underlying the charges of attempted murder in the second degree, assault in the first degree, and assault in the second degree (see People v Soto, 155 AD3d 1066, 1067; People v Marte, 52 AD3d 737, 737-738, affd 12 NY3d 583).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court