■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MURRAY, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Queens County, both rendered May 19, 1977, each convicting him, *inter alia,* of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, upon jury verdicts, and imposing sentences. Cases remitted to Criminal Term for further proceedings consistent

herewith, and appeals held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. Assailing the voluntariness of defendant's confessions, defendant and his codefendant testified at a *Huntley* hearing that the statements had resulted from threats by the interrogating officer to shoot him if he did not confess. These allegations had been denied by the officer and upon the completion of the testimony of the two defense witnesses, defense counsel requested permission to produce three witnesses who would testify to prearrest statements by the police concerning what they might do to defendant if he refused to testify. The court denied defendant's application and ultimately held the confessions to be voluntary. This was error. Defendant's right to produce witnesses in support of his defense is fundamental and absent a showing of bad faith, an application to produce witnesses whose testimony would be relevant to the defense should not be denied *(People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744 on the dissenting opn of Mr. Justice Hopkins). In *Stokes v People* (53 NY 164, 174-175) the Court of Appeals held that evidence of the deceased's prior threat to kill the accused was competent upon the question of whether he in fact had made the attempt, an issue central to the accused's defense of justification. By analogy, defendant's proffered testimony in the case at bar was competent upon the issue of whether the confession had in fact been coerced. The weight of this testimony is for the trier of fact to resolve, but only after the testimony has been presented. Consequently, the *Huntley* hearing must be reopened to receive whatever testimony defendant wishes to produce in this regard. In addition, in the course of the hearing, the arresting officer alluded to the existence of an arrest warrant secured by a second officer prior to defendant's arrest. Had such warrant existed, suppression of the postarrest statements taken in the absence of counsel would be required (see *People v Samuels,* 49 NY2d 218). However, defendant did not raise this issue until the appeal, thereby depriving the People of a full opportunity to develop the facts regarding this issue. As the record is inadequate to resolve the factual dispute concerning this matter, the People should be permitted to adduce further testimony at the reopened hearing in order that the issue may be properly decided (see *People v Havelka,* 45 NY2d 636, 642). Titone, J. P., Gibbons, Margett and O'Connor, JJ., concur.