■ The People of the State of New York, Respondent, v Miguel Ramirez, Appellant.—Judgment of the Supreme Court, Bronx County (Ivan Warner, J.), rendered December 19, 1988, convicting defendant, after jury trial, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]) and grand larceny in the fourth degree (Penal Law § 155.30 [5]) and sentencing him, as a second violent felony offender, to concurrent indeterminate terms of imprisonment of from 12 to 24 years, 5 to 10 years and 2 to 4 years, respectively, unanimously modified to the extent of dismissing the conviction for grand larceny in the fourth degree and, except as so modified, affirmed.

On September 26, 1987, Ramon Perez stopped his gypsy cab upon seeing defendant and Carlos Cuevas in the vicinity of 163rd Street and Morris Avenue in Bronx County. Perez allegedly went over to Cuevas to ask him for $1,000 which Cuevas owed him. Perez then returned to his car and was followed shortly thereafter by defendant, who shot Perez in the face through the open driver's window and walked away. Perez testified that defendant returned to the car, at which point he felt someone remove his wallet, throw it at him and walk away again. Perez claimed that $150 was taken from the wallet.

Defendant's request that the jury be instructed on the crime of petit larceny as a lesser included offense of robbery in the first degree should have been granted. It is apparent from the verdict of guilty on the crime of grand larceny in the fourth degree that the jurors reached the conclusion that no force was used in taking complainant's property. The court's instruction on that charge as a lesser included offense of robbery in the first degree was in error because fourth degree grand larceny does not require that property be taken from the person of another (People v Freeman, 117 AD2d 677; People v Addison, 73 AD2d 790). However, it is impossible to commit robbery without also committing petit larceny (People v Wedgeworth, 104 AD2d 915, 916). Since modification of the judgment and resentencing on a conviction for petit larceny (CPL 470.20 [4]) would have no effect on the sentence to be served, the conviction for grand larceny in the fourth degree is dismissed.

Defendant's claim that the prosecutor's summation denigrated the defense counsel and improperly urged conviction is unpreserved for appellate review because of the lack of objection at trial (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467, 473). Were we to consider these arguments in the interest of justice, however, we would find them to be without merit or to constitute harmless error in view of the overwhelming evidence against defendant *(People v Crimmins,* 38 NY2d 407).

Defendant's claim that the mandatory surcharge pursuant to Penal Law § 60.35 should be waived because it would cause him undue hardship is premature. Should defendant, at the end of his prison term, find that he is unable to pay the surcharge, he may move for a waiver at that time *(People v Fulton,* 138 AD2d 514, *lv denied* 71 NY2d 1027). Furthermore, the proper procedure for rasing a claim of undue hardship is to move for resentencing pursuant to CPL 420.10 (5) *(People v Rada,* 160 AD2d 552). Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.