■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEOTIS DAVIS, Appellant. [610 NYS2d 899] —Judgment unanimously affirmed. Memorandum: The trial court properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30 (3). The newly discovered evidence, consisting of a hearsay statement by a witness that was inconsistent with his trial testimony, did not "create a probability" that the outcome "would have been more favorable" to defendant if it had been admitted at trial (CPL 330.30 [3]; see, People v Cullen, 175 AD2d 658, lv denied 78 NY2d 1010). The trial court did not abuse its discretion in limiting defendant's cross-examination of the police officer who prepared defendant's written statement (see, People v Ocasio, 47 NY2d 55, 60; People v Duffy, 36 NY2d 258, 262-263; People v James, 191 AD2d 957, lv denied 82 NY2d 720, cert denied — US —, 127 L Ed 2d 85).

The court submitted to the jury the offense of manslaughter in the second degree as a lesser included offense of manslaughter in the first degree, the crime charged in the indictment. The verdict finding defendant guilty of the higher offense forecloses his challenge to the court's refusal to charge the more remote lesser included offense of criminally negligent homicide (see, People v Boettcher, 69 NY2d 174, 180). We reject the contention that statements made by the prosecutor during summation deprived defendant of a fair trial (see, People v Kyler, 191 AD2d 1029, lv denied 81 NY2d 1015; People v Price, 144 AD2d 1013, lv denied 73 NY2d 895). The court properly admitted defendant's written statement into evidence (see, People v Bethea, 67 NY2d 364, 368; People v Salem, 167 AD2d 840, lv denied 77 NY2d 911). Defendant's sentence is not harsh or excessive. (Appeal from Judgment of Monroe County Court, Marks, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.