■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SMITH, Appellant. [626 NYS2d 915] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of robbery in the first degree (Penal Law § 160.15 [4]) for forcibly stealing a sum of money from a grocery store while armed with what appeared to be a handgun. During the precharge conference, defendant's attorney requested that Supreme Court charge petit larceny as a lesser included offense. The court denied that request but agreed to charge robbery in the second degree and robbery in the third degree as lesser included offenses of robbery in the first degree.

At trial, the arresting officer testified that, after defendant was arrested and advised of his rights, defendant told him that he did not have a gun and that he did not rob anybody. The officer further testified that defendant stated that he just went into the grocery store, reached in and took some money out of the register. The officer testified that defendant also said, "I bumped him, I jerked him", which meant that he distracted the clerk and took the money.

There is a two-prong analysis to determine whether a defendant is entitled to a lesser included offense charge *(People v Glover,* 57 NY2d 61, 63). First, a defendant must establish that the offense that he desires to have charged is actually a lesser included offense, i.e., that it is an offense of lesser grade or degree and that it is impossible to commit the greater crime without by the same conduct committing the lesser offense. Second, a defendant must show that there is a reasonable view of the evidence that would support a finding that he committed the lesser offense but not the greater *(People v Cabassa,* 79 NY2d 722, 728-729, *cert denied sub nom. Lind v New York,* 506 US 1011; CPL 1.20 [37]; 300.50 [1]).

Because it is impossible to commit robbery without also committing petit larceny *(People v Ramirez,* 165 AD2d 656, *lv denied* 77 NY2d 881), petit larceny is a lesser included offense of robbery in the first degree. Thus, the first prong of the *Glover* analysis is satisfied.

With respect to the second prong, we conclude that there is a reasonable view of the evidence to support a finding that defendant committed the lesser offense of petit larceny but not the greater offense of robbery in the first degree. "Our inquiry is not directed at whether persuasive evidence of guilt of the greater crime exists, as it does here, but whether, under any reasonable view of the evidence, it is possible for the trier of facts to acquit defendant on the higher count and still find him guilty of the lesser one" *(People v Van Norstrand,* 85 NY2d 131, 136). Based upon defendant's statements to the police, that he did not have a gun and that he simply took money out of the cash register when the victim was distracted, a reasonable fact finder could find that no force was used in stealing money from the cash register. Therefore, defendant's request that the jury be instructed on the crime of petit larceny as a lesser included offense of robbery in the first degree should have been granted *(see, People v Ramirez, supra).*

Defendant's challenge to the court's refusal to charge petit larceny as a lesser included offense of robbery in the first degree is foreclosed, however, by reason of the verdict of guilty of robbery in the first degree and the jury's implicit rejection of the charged lesser included offenses of second and third degree robbery *(see, People v Boettcher,* 69 NY2d 174, 180; *People v Scott,* 203 AD2d 911, 912, *lv denied* 83 NY2d 971; *People v Davis,* 201 AD2d 868, 869, *lv denied* 83 NY2d 966).

There is no merit to defendant's contention that the verdict is against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Robbery, 1st Degree.) Present— Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.