■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK T. DUTCHER, Appellant. [664 NYS2d 110] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered November 14, 1994, convicting him of vehicular manslaughter in the second degree (two counts), criminally negligent homicide, and violation of Vehicle and Traffic Law § 1180 (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for further proceedings pursuant to CPL 460.50 (5).

We find unpersuasive the defendant's contention that the verdict was against the weight of the evidence. While the proof indicating that the defendant was the operator of the vehicle was circumstantial, and was disputed by the defendant's expert witness, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Furthermore, the court did not err in denying the defendant's application for a mistrial based on the testimony of a prosecution witness who opined that a bruise in the defendant's left shoulder area was caused by a seat belt. The determination to

grant or deny a request for a mistrial rests within the sound discretion of the trial court (*see, People v Ortiz,* 54 NY2d 288), which is in the best position to determine if such drastic relief is warranted to protect the defendant's right to a fair trial (*see, People v Cooper,* 173 AD2d 551). Here, once the defendant's counsel objected to the opinion testimony, the court took prompt curative action by striking the improper portion of the witness's response, and directing the jury to disregard it. The court's action was sufficient to alleviate any prejudice to the defendant, and the drastic relief of a mistrial was not warranted under the circumstances (*see, People v Young,* 48 NY2d 995).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.