■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARON GOODMAN, Appellant. [720 NYS2d 534] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Leach, J.), rendered November 13, 1998, convicting him of robbery in the second degree (five counts), criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court interfered with his right to conduct cross-examination of certain witnesses regarding the appearance of the lineup fillers. This contention is without merit.

Although the right of cross-examination is protected by the Constitution (*see,* US Const 6th Amend; NY Const, art I, § 6), the trial court retains wide discretion to limit cross-examination " 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant' " (*People v Ashner,* 190 AD2d 238, 246, citing *Delaware v Van Arsdall,* 475 US 673, 679). Here, the trial court prevented defense counsel from asking questions regarding the fillers since the information that defense counsel was trying to elicit could be discerned by the jury through an examination of the photograph of the lineup. Because this curtailment did not prevent the defendant from pursuing his argument before the jury that the fillers used in the lineup rendered the lineup unduly suggestive, the trial court's ruling was not an improvident exercise of discretion.

The defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.