■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERA, Appellant. [739 NYS2d 566] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered May 14, 1998, convicting defendant, after a jury trial, of attempted assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a controlled substance in the third degree (two counts), and sentencing him to an aggregate term of 10½ to 24 years, unanimously affirmed.

Defendant's challenges to the court's limited inquiry of him, outside the presence of the jury, to determine whether a portion of his proposed testimony was relevant require preservation and we decline to review these unpreserved claims in the interest of justice. There was no "mode of proceedings" error relieving defendant of the requirement of preservation (compare, People v Agramonte, 87 NY2d 765, with People v Ahmed, 66 NY2d 307). There is nothing unusual about an inquiry outside the presence of the jury concerning the admissibility of evidence (see, e.g., People v Ventimiglia, 52 NY2d 350); the question of whether such an inquiry was warranted in this case is distinct from the question of whether preservation was required. Were we to review defendant's claims, we would find that the brief questioning to determine the relevancy of the testimony was appropriate. There was no prejudice because the inquiry resulted in a favorable ruling for defendant, the

jury was never informed of the nature of the inquiry, and there is no indication that the inquiry had any effect on defendant's testimony. Concur—Tom, J.P., Sullivan, Rosenberger and Friedman, JJ.