■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE DEVERS, Appellant. [744 NYS2d 846] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered October 6, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 10 to 20 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 7½ to 15 years, and otherwise affirmed.

The restriction on cross-examination of the undercover officer on matters concerning defendant's agency defense was a proper exercise of discretion (*see, People v Schinas,* 204 AD2d 362, *lv denied* 83 NY2d 971; *see also, Delaware v Van Arsdall,* 475 US 673, 678-679). Defendant was permitted to elicit that, in the officer's experience, drug users sometimes make drug purchases for others. However, defendant's next question, which was precluded by the court, was improper. Defendant sought to ask whether, in that situation, the drug user is "working" for the buyer and not the seller of the drugs. This question delved into matters of law concerning the agency defense (*see, e.g., People v Taim,* 283 AD2d 363, *lv denied* 96 NY2d 908), and had the potential for misleading the jury. Furthermore, it would have called for the officer to speculate on the motivation of a hypothetical actor. We note that defendant made no effort to recast his question in a more appropriate form.

We find the sentence excessive to the extent indicated. Concur—Saxe, J.P., Buckley, Sullivan, Rosenberger and Ellerin, JJ.