■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HOOVER, Appellant. [750 NYS2d 304] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 14, 2001, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in precluding the defendant from cross-examining the testifying detectives with respect to a prior unrelated civil lawsuit by the defendant against the police department, since the defendant failed to establish that the detectives had any knowledge of the civil lawsuit at the time of the defendant's arrest, or any connection with the officers involved in that lawsuit. Although proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote and speculative (*see People v Thomas,* 46 NY2d 100; *People v Barney,* 277 AD2d 460; *People v Ayers,* 161 AD2d 770).

The defendant's challenges to various remarks made by the prosecutor in his closing statements are, for the most part, unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the challenged remarks were either fair comment on the evidence, permissive rhetorical comment, responsive to the defense counsel's summation (*see People v Ashwal,* 39 NY2d 105; *People v Torres,* 121 AD2d 663), or were not so prejudicial as to constitute reversible error in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230).

The defendant's remaining contention is without merit. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.