■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SAWYER, Also Known as JOHN WILLIAMS, Appellant.

[757 NYS2d 766] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered February 15, 2001, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion in limiting his cross-examination of a detective regarding a purported motive to fabricate. While proof tending to establish a motive to fabricate is never collateral and may not be excluded on that ground, such proof may be excluded when it is too remote and speculative (see People v Hoover, 298 AD2d 599 [2002]).

There is no merit to the defendant's contention that he was denied his right to present a defense because the trial court precluded certain questions regarding the detective's investigation of the crime. The defendant had the opportunity to fully explore the detective's alleged failure to conduct a proper investigation and the few questions which were not permitted were either repetitive or improperly called for speculative answers (see People v Devers, 296 AD2d 343 [2002]; People v Goodman, 280 AD2d 611 [2001]).

Finally, the trial court properly refused to admit into evidence the criminal court complaint containing prior inconsistent statements of the detective since the defendant failed to lay a proper foundation for its admission (see People v Duncan, 46 NY2d 74, 80-81 [1978], cert denied 442 US 910 [1979]; People v Sutton, 209 AD2d 456 [1994]). The defendant's contention that any attempt to lay a foundation would have been futile is speculative. Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.