■ The People of the State of New York, Respondent, v Bruce Monroe, Appellant. [817 NYS2d 150]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered October 14, 2003, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court deprived him of his right to present a defense by declining to allow him to call a witness of his own choosing is without merit. Although "[t]he right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process" (*People v Morales*, 125 AD2d 605, 606 [1986] [internal quotation marks omitted]), and proof aimed at establishing a motive to fabricate is never collateral and may not be excluded upon that ground (*see People v Hoover*, 298 AD2d 599 [2002]), where such proof lacks a good-faith factual basis (*see People v Sandel*, 299 AD2d 373, 374 [2002]), is based solely on hearsay (*id.; People v Simmons*, 170 AD2d 15, 23-24 [1991]), or is too remote or speculative (*see People v Sawyer*, 304 AD2d 775, 776 [2003]; *People v Hoover, supra*), a trial court may, in the exercise of discretion, properly exclude it (*see People v Sawyer, supra; People v Sandel, supra; People v Hoover, supra; People v Esposito*, 225 AD2d 928, 931 [1996]; *see also People v McGlothin*, 6 AD3d 462, 463 [2004]). The proffered testimony of the defendant's guidance counselor concerning the domestic affairs of a witness who had testified against the defendant was sufficiently remote from the issue of that witness's bias or motive to fabricate that the Supreme Court providently exercised its discretion in declining to allow it.

The defendant is also incorrect in contending that the Supreme Court erred in failing to charge petit larceny as a lesser-included offense of robbery in the first degree. Although petit larceny is a lesser-included offense of robbery in the first degree (*see People v Smith*, 214 AD2d 971 [1995]; *People v Ramirez*, 165 AD2d 656 [1990]; *see also People v Wedgeworth*, 104 AD2d 915, 916 [1984]), there is no reasonable view of the evidence here, even when viewing the evidence in the light most favorable to the defendant, as we must (*see People v Martin*, 59 NY2d 704, 705 [1983]; *People v Wells*, 18 AD3d 482 [2005]; *People v Moreno*, 16 AD3d 438 [2005]), that supports the conclusion that the defendant committed the lesser offense but not the

greater (*see* CPL 300.50; *People v Asan*, 22 NY2d 526, 532-533 [1968]; *People v Martin*, 305 AD2d 427, 428 [2003]; *People v Gilliam*, 300 AD2d 701, 702 [2002]; *People v France*, 216 AD2d 579 [1995]; *see also People v Scarborough*, 49 NY2d 364, 371 [1980]; *People v Durden*, 5 AD3d 333 [2004]; *People v Williams*, 249 AD2d 427, 428 [1998]; *People v Brown*, 243 AD2d 363 [1997]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84 [1903]). Because this case turned on identification and thus the credibility of the witnesses, deference should be given to the jury, which had the opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see People v Bleakley*, 69 NY2d 490, 494 [1987]; *People v Dutcher*, 244 AD2d 499 [1997]), and the jury's determination will not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The contention raised in the defendant's supplemental pro se brief with respect to certain comments made by the prosecutor during summation is unpreserved for appellate review, and in any event, is without merit. The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.