■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN BROWN, Appellant. [831 NYS2d 510]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered April 5, 2005, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention, in effect, that the jury's verdict was repugnant is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Alfaro*, 66 NY2d 985, 987 [1985]). In any event, the verdict was not repugnant since the acquittal on the counts of murder in the second degree, manslaughter in the first degree, and assault in the second degree did not negate any of the elements of criminal possession of a weapon in the second degree (*see People v Smith*, 23 AD3d 416, 417 [2005]; *People v Freeman*, 305 AD2d 331 [2003]; *People v Gatling*, 222 AD2d 606 [1995]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court improperly considered charges of which he was acquitted as a basis for imposing the sentence is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Rambali*, 27 AD3d 582, 583 [2006]). Further, the defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Chapero*, 23 AD3d 492, 493 [2005]). In any event, the Supreme Court did not punish him for asserting his right to proceed to trial.

Finally, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.