■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND VANKENIE, Appellant. [862 NYS2d 59]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered July 14, 2006, convicting him of attempted assault in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion in precluding the testimony of a detective investigator regarding a complainant's purported motive to fabricate. While proof tending to establish a motive to fabricate is never collateral and may not be excluded on that ground, such proof may be excluded when, as here, it is too remote and speculative (*see People v Monroe,* 30 AD3d 616, 617 [2006]; *People v Sawyer,* 304 AD2d 775, 776 [2003]; *People v Hoover,* 298 AD2d 599 [2002]).

The defendant's contention, in effect, that the jury's verdict was repugnant is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romgobind,* 40 AD3d 1133 [2007]; *People v Brown,* 38 AD3d 676, 677 [2007]). In any event, the verdict was not repugnant since the acquittal on the counts of attempted murder in the second degree, attempted assault in the first degree, and a third count of attempted assault in the second degree did not negate any of the elements of criminal possession of a weapon in the second degree (*see People v Brown,* 38 AD3d at 677; *People v Smith,* 23 AD3d 416, 417 [2005]; *People v Gatling,* 222 AD2d 606 [1995]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt of criminal possession of a weapon in the second degree was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85-86 [1982]). Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur.