THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL STRZELECKI, Appellant. [968 NYS2d 196]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered November 15, 2011, convicting him of aggravated sexual act in the third degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the County Court did not improvidently exercise its discretion in conducting an inquiry outside of the presence of the jury concerning the admissibility of the testimony of the complainant's mother as a defense witness (*see People v Rivera*, 293 AD2d 286 [2002]).

Contrary to the defendant's contention, the County Court did not deprive him of the right to present a defense by precluding him from producing his sister-in-law as a defense witness. A criminal defendant has a fundamental right to produce witnesses, and "absent a showing of bad faith, an application to produce witnesses whose testimony would be relevant to the defense should not be denied" (*People v Murray*, 79 AD2d 993, 994 [1981]; *see People v Taylor*, 40 AD3d 782, 783-784 [2007]). However, a trial court may, in its discretion, exclude evidence that is of slight or remote significance, speculative, lacking a good-faith factual basis, or solely based on hearsay (*see People v Monroe*, 30 AD3d 616, 617 [2006]; *People v Ocampo*, 28 AD3d 684, 685 [2006]; *People v Sawyer*, 304 AD2d 775 [2003]).

In the instant case, the proposed testimony of the defendant's sister-in-law regarding the relationship between the defendant and his wife consisted largely of hearsay, was cumulative to other evidence, and was only marginally, if at all, relevant. Consequently, the County Court did not improvidently exercise its discretion in precluding that testimony, and that ruling did not deprive the defendant of the right to present a defense (*see People v Monroe*, 30 AD3d at 617; *People v Sawyer*, 304 AD2d at 776; *see also People v Bedi*, 299 AD2d 556 [2002]).

The defendant failed to preserve for appellate review his contention that the County Court erred in admitting certain evidence of the circumstances of a polygraph examination (*see* CPL 470.05 [2]). In any event, even if the admission of this evidence was error, the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that any error in this regard contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Viewing the evidence in the light most favorable to the People

(*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Romero*, 7 NY3d 633, 644-645 [2006]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.