People v Smith (2020 NY Slip Op 04875)





People v Smith


2020 NY Slip Op 04875


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-03348
 (Ind. No. 9468/14)

[*1]The People of the State of New York, respondent,
v
Katrell Smith, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered March 9, 2017, convicting him of burglary in the first degree (two counts) and predatory sexual assault (six counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On November 14, 2014, the defendant forced his way into the apartment of the female complainant, with whom he once had a relationship. He did so by demanding that the male complainant, who had just left the apartment, knock on the door. Once inside the apartment, the defendant raped the female complainant at knifepoint and forced the female complainant and the male complainant to perform oral sex on each other. After a jury trial, the defendant was convicted of two counts of burglary in the first degree and six counts of predatory sexual assault.
The defendant's contention that the grand jury proceedings were impaired because the male complainant gave certain perjured testimony is partially unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. Contrary to the defendant's contention, the indictment was sufficiently supported by competent evidence, and the false testimony was immaterial (see People v Salvodon, 127 AD3d 1239, 1241; People v Johnson, 54 AD3d 636, 636). Moreover, there was no suggestion that the prosecutor knew that the male complainant's testimony was false at the time it was given (see People v Salvodon, 127 AD3d at 1241; People v Johnson, 54 AD3d at 636).
The defendant's contention that the evidence was legally insufficient to support his convictions of three counts of predatory sexual assault is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of those counts beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court did not err in permitting the admission into evidence of two prior [*2]uncharged incidents involving the defendant threatening the female complainant. In domestic violence cases such as this one, evidence of the prior incidents is admissible " because the aggression and bad acts are focused on one particular person, demonstrating the defendant's intent, motive, identity and absence of mistake or accident,' and provides the necessary background as to the relationship" between the defendant and the complainant (People v Graham, 159 AD3d 1022, 1023, quoting People v Womack, 143 AD3d 1171, 1173). Moreover, any potential for prejudice was offset by the court's limiting instructions (see People v Morris, 21 NY3d 588, 590; People v Graham, 159 AD3d at 1023).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court