People v Bryant (2022 NY Slip Op 07075)

People v Bryant

2022 NY Slip Op 07075

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2018-06767
 (Ind. No. 5627/15)

[*1]The People of the State of New York, respondent,
v
Isaac Bryant, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered February 22, 2018, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of murder in the second degree and four counts of criminal possession of a weapon in the second degree in connection with the shooting death of the victim in May 2015.
The defendant contends that the Supreme Court deprived him of his right to present a defense by denying his request to call a defense witness in an attempt to contradict the People's theory of the case that the defendant's motive for the homicide at issue was revenge. A criminal defendant has a fundamental right to produce witnesses, and "absent a showing of bad faith, an application to produce witnesses whose testimony would be relevant to the defense should not be denied" (People v Murray, 79 AD2d 993, 994; see People v Strzelecki, 108 AD3d 644, 645). However, a trial court may, in its discretion, exclude evidence that is of slight or remote significance, speculative, lacking a good faith factual basis, or solely based on hearsay (see People v Wilson, 163 AD3d 881, 882; People v Strzelecki, 108 AD3d at 645).
Here, as acknowledged by defense counsel before the Supreme Court, portions of the proposed testimony consisted of hearsay. In addition, such testimony was cumulative to other evidence presented at trial and marginally relevant. Further, defense counsel advised the court that the intended witness would not be available to testify for several days. Consequently, the court did not improvidently exercise its discretion in denying the defendant's request to call the intended witness (see People v Wilson, 163 AD3d at 882).
The defendant also contends that the Supreme Court erred in allowing a police officer to testify regarding an out-of-court lineup identification of the defendant. Pursuant to CPL 60.25, "a third party who was present at a prior identification is permitted to testify that the defendant was [*2]the person previously identified, if certain conditions are met, to wit, (1) the witness must have observed the defendant 'at the time and place of the commission of the offense or upon some other occasion relevant to the case[,'] (2) the witness must have subsequently observed the defendant 'under circumstances consistent' with due process, and (3) the witness must be 'unable at the proceeding to state, on the basis of present recollection, whether or not the defendant is the person in question'" (People v Hernandez, 154 AD2d 197, 198, quoting CPL 60.25[1][a][i], [ii], [iii]; see People v Patterson, 93 NY2d 80, 82; People v Quevas, 81 NY2d 41, 42-43; People v Bayron, 66 NY2d 77, 81). Here, the third requirement of CPL 60.25(1)(a)(iii) was not met (see People v Quevas, 81 NY2d at 45-46). Specifically, the witness who positively identified the defendant in the lineup did not testify at trial that he could not identify the defendant on the basis of present recollection. Instead, the witness stated that he did not see the individual he had previously identified in the courtroom. Nevertheless, the error was harmless as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 242).
The defendant's remaining contention is without merit.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court