People v McCrimmon (2025 NY Slip Op 01234)

People v McCrimmon

2025 NY Slip Op 01234

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2016-09972
 (Ind. No. 5469/14)

[*1]The People of the State of New York, respondent,
v
Joseph McCrimmon, appellant.

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Jason Eldridge of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cassandra M. Mullen, J.), rendered September 8, 2016, convicting him of rape in the first degree, sexual abuse in the first degree, criminal possession of a firearm, criminal contempt in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court deprived him of the right to present a defense by denying his request to call a witness is without merit. "A criminal defendant has a fundamental right to produce witnesses, and 'absent a showing of bad faith, an application to produce witnesses whose testimony would be relevant to the defense should not be denied'" (People v Bryant, 211 AD3d 848, 849, quoting People v Murray, 79 AD2d 993, 994). "However, a trial court may, in its discretion, exclude evidence that is of slight or remote significance, speculative, lacking a good-faith factual basis, or solely based on hearsay" (id.; see People v Strzelecki, 108 AD3d 644, 645).
Here, the proposed testimony of the defendant's girlfriend regarding the complainant's knowledge of the relationship between the defendant and the defendant's girlfriend consisted largely of hearsay, was cumulative to other evidence, and was collateral to the issues at trial. Consequently, the Supreme Court did not improvidently exercise its discretion in precluding that testimony, and that ruling did not deprive the defendant of the right to present a defense (see People v Bryant, 211 AD3d at 849; People v Wilson, 163 AD3d 881, 882; People v Strzelecki, 108 AD3d at 645).
Contrary to the defendant's contention, the Supreme Court did not err in admitting evidence of three prior uncharged incidents involving the defendant striking the complainant about the body. "In domestic violence cases such as this one, evidence of the prior incidents is admissible because the aggression and bad acts are focused on one particular person, demonstrating the defendant's intent, motive, identity and absence of mistake or accident, and provides the necessary background as to the relationship between the defendant and the complainant" (People v Smith, 186 AD3d 1269, 1270 [internal quotation marks omitted]; see People v Graham, 159 AD3d 1022, 1023). [*2]Moreover, any potential for prejudice was offset by the court's limiting instructions (see People v Smith, 186 AD3d at 1270; People v Lugo, 218 AD2d 711, 711).
Contrary to the defendant's further contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the physical injury element of assault in the third degree pursuant to Penal Law § 120.00 (see People v Chiddick, 8 NY3d 445, 447; People v Williams, 146 AD3d 906, 909; People v Monserrate, 90 AD3d 785, 787). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court